## BROOKS ET AL. *vs.* PALMER.

In an action on a note bearing ten per cent. interest, where the declaration does not negative the payment of the interest, a general demurrer, not stating this objection specially as cause of demurrer, must be overruled.

But, upon the overruling of the demurrer, judgment can only be given for the *debt*, as the breach does not notice the interest.

DEBT, on a bond for $595, with interest at ten per cent., determined in Jefferson Circuit Court, in October, A. D. 1841, before the Hon. ISAAC BAKER, one of the Circuit Judges. John Palmer sued Brooks and others, upon a declaration with a single count, the breach of which alleged the non-payment of the principal alone. The defendant demurred to the declaration, *in short*, on the record. Demurrer overruled, and judgment for plaintiff for $595 debt, $89 85 damages, and interest on the judgment at ten per cent., with costs. The defendants sued their writ of error.

*Yell,* for the plaintiff, cited 1 *Ch. Pl.* 326. *Gould,* 182.

*Hempstead & Johnson,* contra.

Brent *vs.* Fenner et al.

*By the Court,* DICKINSON, J.

The only question presented for our consideration, is, as to the effect of the demurrer, no defect or imperfection in the pleadings being set out. The plaintiff below certainly does set out facts sufficient to entitle him to a recovery upon the writing obligatory for $595. Therefore, as the defendants omitted to specify in their demurrer in what respect the declaration is defective or insufficient, the Circuit Court rightly overruled it. *Davis vs. Gibson,* 2 *Ark. R.* 115. The plaintiffs in error, however, relied upon their demurrer, and the Circuit Court was only authorized to give judgment in accordance with the breach in the declaration, which is confined exclusively to the debt demanded in the declaration, and contains no averment of the non-payment of the interest; consequently, as there was a special contract to pay at a certain rate of interest, the allegation in the breach must be governed by the nature of the stipulation, and be co-extensive with it.

There being an entire omission of any breach as to the interest, the judgment of the Circuit Court is clearly erroneous, having been given for more than the pleadings warranted.

Judgment reversed.